IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLLEEN M. SNOW, | : | No. 4:CV-06-0007 |
| | : | |
| Plaintiff, | : | Complaint Filed 01/03/06 |
| | : | |
| vs. | : | |
| | : | |
| FIRSTENERGY CORPORATION, | : | (Judge Muir) |
| METROPOLITAN EDISON COMPANY, | : | |
| and EDISON COMPANY EMPLOYEE | : | |
| PENSION PLAN, | : | |
| | : | |
| Defendants | : | |

ORDER

April 25, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 3, 2006, Plaintiff Colleen M. Snow initiated this action by filing a complaint.  She filed an amended complaint on March 15, 2006.  Snow's cause of action is based on the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (hereinafter "ERISA"), which regulates the pension and welfare benefits of employees, retirees, and beneficiaries of private-sector pension and retirement plans.  Snow alleges that the Defendants FirstEnergy Corporation, Metropolitan Edison Company, and Edison Company Employee Pension Plan have wrongfully denied her certain retirement benefits which she had been receiving up until the death of her husband Richard Snow.

On March 29, 2006, the Defendants filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint

because it fails to state a claim upon which relief can be granted.  A supporting brief was filed with that motion.  The Defendants contend that Snow is no longer entitled to receive any benefits because she consented to her husband's election <u>not</u> to have any retirement benefits paid after Richard Snow's death.  On April 6, 2006, Snow filed a brief in opposition to the motion to dismiss.  On or about April 20, 2006, the Defendants informed the Clerk of Court that they would not be filing any reply brief.  The Defendants' motion to dismiss is ripe for disposition.

In determining whether a plaintiff has stated a claim upon which relief may be granted, a court must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Brouse v. Itinger, et al., Civil No. 88-1627 (M.D. Pa. April 26, 1989).  Furthermore, "the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley vs. Gibson, 355 U.S. 41, 45-6 (1957); District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).  However, the court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts". Kost v. Kozakiewicz, 1 F.3d at 183 (quoting Mescall v. Burrus, 603 F.2d 1266, 1269 (7th Cir. 1979)).  We will apply those concepts to the Defendants' motion.

Our disposition of the motion to dismiss begins with, and is controlled in large measure by, the document at issue which sets forth the different options available to Richard Snow with respect to his retirement benefits.  Mr. Snow was employed by the Metropolitan Edison Company until he retired in 1994.  Mr. Snow was a participant in the Metropolitan Edison Company Employee Pension Plan.

One of the options available to Mr. Snow when he retired was "The Automatic Post-Retirement Surviving Spouse Option."  If a retiree selected that option, the monthly pension payment would continue to be paid to his or her surviving spouse after the retiree's death.  In order for a retiree to decline the option of having benefits paid to the surviving spouse, the retiree was required to obtain his or her spouse's consent and a form documenting such consent was required to have been filed.

A single form divided into two separate sections deals with "The Automatic Post-Retirement Surviving Spouse Option."  In the first section of the form, entitled "Employee's Election," Mr. Snow elected "not to be covered by the Automatic Post-Retirement Surviving Spouse Option." (Amended Complaint, Exhibit B) Consequently, the second section of the form, labeled "Spouse's Consent," was required to have been filled out by Colleen M. Snow.  This part of the form has one box to be checked if the spouse consented to the election made by the spouse, and a second

box to be checked if the spouse did not consent to that election. The form was required to have been signed, notarized, and returned to the administrators of the retirement plan.

The portion of the form designed to confirm whether or not Colleen M. Snow had consented to Mr. Snow's election was signed, notarized, and returned, but neither box relating to her consent or lack thereof was checked.  Colleen M. Snow's claim in this case is based on her allegations that the Defendants inappropriately accepted the incomplete form and paid her husband retirement benefits without ascertaining her position on her spouse's election.

In the opening paragraph of the argument section of the brief filed in support of their motion to dismiss, the Defendants contend that the amended complaint fails to state a claim upon which can be granted because

> Plaintiff effectively consented to her husband's election not to participate in The Automatic Post-Retirement Surviving Spouse Option.  She completed the Spouse's Consent section of the Election Form, she signed and dated the Spouse's Consent section, and she had the Spouse's Consent section notarized.

(Brief in support of motion to dismiss, p. 9)  The Defendants further represent in their motion to dismiss that

> [t]here is no dispute that Plaintiff fully completed the Spouse's Consent section of the Election Form with the sole omission of a check mark in a box adjacent to clarifying statements about her choice.  The "Spouse's Consent," on it [sic] face, is unambiguous and susceptible to only one interpretation – that Plaintiff intended to consent to her husband's election.

4

(Motion to Dismiss, p. 2, ¶3)

We are of the view that Colleen M. Snow did not complete the Spouse's Consent portion of the form. The most crucial information -- an indication of her consent or lack of consent -- is not present. Under the circumstances of this case we do not agree with the Defendants' assertions that the form is "complete" and that she thereby "effectively consented" to her spouse's choice with respect to The Automatic Post-Retirement Surviving Spouse Option.

We will deny the motion to dismiss the complaint for failure to state a claim upon which relief may be granted.

NOW, THEREFORE, IT IS ORDERED THAT:

The Defendants' motion to dismiss (Document 18) is denied.

                                               s/Malcolm Muir
                                               MUIR, U.S. District Judge

MM:gja